# PROVIDENCE COUNTY.

JAMES W. C. ELY *et ux. vs.* EDWARD P. BURGESS *et als.*

The Supreme Court as a court of equity will not appoint a husband trustee under a trust for the separate use of his wife.

PETITION IN EQUITY for the appointment of a new trustee.

*Joseph C. Ely*, for the petitioner, cited 1 Perry on Trusts, 2d ed. § 277; *Tweedy* v. *Urquehart*, 31 Ga. 446; *Gardner* v. *Weekes*, 32 Ga. 696.

*March* 6, 1875. DURFEE, C. J. This is a petition for the appointment of a new trustee in the place of one who is deceased. The trust is primarily a trust for the separate use of a married woman. The petition asks for the appointment of her husband. We requested the counsel for the petitioners to produce authorities to show that such an appointment would be in keeping with the more correct practice in chancery. He has produced authorities to show that a husband may be the trustee for his wife. We have no doubt of that, and we have no doubt that an appointment of the husband in this suit would be valid. The question with us was not a question of power, but of discretion in the use of it. Lewin, whose work on Trusts very fully ex-

hibits the law of trusts as administered in England, has nothing to say upon this question, though he tells us that the Master of the Rolls objects to appointing a relative of the *cestuis que trust*, on account of the frequency of breaches of trust committed by such trustees at the solicitation of the *cestuis que trust*. Lewin on Trusts, *40, *579. We infer from his silence on the question before us, that in England the impropriety of appointing a husband trustee under a trust for the separate use of his wife is so clearly recognized, that such an appointment is there not even asked for. We find two cases in the South Carolina Reports in which such appointments are strongly condemned. *Ex parte Hunter*, Rice Ch. 294 ; *Dean* v. *Lanford*, 9 Rich. Eq. 423. In the latter case, the court say the rule that such an appointment ought not to be made probably always existed, and was only declared imperative in *Ex parte Hunter*, in consequence of some exceptional departures from it. We entirely approve the rule thus announced, and, though in particular cases no injury might result from a deviation from it, we think, nevertheless, it ought to be uniformly observed, or at least not departed from without some extraordinary necessity. We will refer the case to a master to report the name of a proper trustee.

*Referred to a master.*